# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY, | Case No. 1:19-cv-01643-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(a) |
| v. | |
| GUERRERO, *et al.*, | (ECF No. 12) |
| Defendants. | |

**I.     Introduction**

Plaintiff Shannon Riley ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On February 5, 2020, the Court screened the complaint and granted Plaintiff leave to file an amended complaint within thirty days. (ECF No. 9.) On March 9, 2020, Plaintiff filed a motion for dismissal of action pursuant to Federal Rule of Civil Procedure 41(a)(1), stating that he did not believe he could effectively litigate this action and his ongoing criminal case, and requesting voluntary dismissal of this action. (ECF No. 10.) Plaintiff stated that he would re-file his complaint in no later than six months with the Court's permission. (Id.)

Pursuant to Rule 41(a)(1)(A)(i), this action was terminated by operation of law without further order from the Court. (ECF No. 11.) The Court noted that Plaintiff need not obtain the Court's explicit permission to attempt to re-file his complaint, but also noted that the Court

1

cannot provide legal advice to Plaintiff regarding any possible future issues that may arise when or if he attempts to re-file this action. (Id. at 2, n.1.) Accordingly, this case was closed on March 10, 2020. (Id.)

## II.     Motion for Relief from Judgment

Currently before the Court is Plaintiff's motion for relief from judgment, filed July 15, 2020. (ECF No. 12.) Plaintiff argues that the Court made a clerical mistake pursuant to Federal Rule of Civil Procedure 60(a), which provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III.     Discussion

In his motion, Plaintiff states that on or around July 6, 2020, Plaintiff re-filed his complaint, which he attaches as an exhibit to his motion. (ECF No. 12.) The attachment is labeled as an Amended Civil Rights Complaint and contains the case number for this action. (Id. at 3.) Plaintiff states that the Clerk of the Court returned Plaintiff's complaint, including a Clerk's Notice stating that Plaintiff's case was closed. Plaintiff argues that the Clerk of the Court has made a clerical mistake, and requests that he be allowed to re-file his complaint as previously agreed. (Id.)

Plaintiff's argument is unpersuasive. The Clerk of the Court did not make an error, as this action was closed on March 10, 2020, based on Plaintiff's own request to voluntarily dismiss this

case. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(B), the action was dismissed without prejudice to re-filing, but this allows Plaintiff to re-file his complaint to start a **new case**. It does not allow Plaintiff to simply dismiss a case when it becomes inconvenient and then attempt to open it again when he decides he is ready to litigate his claims.

If Plaintiff wishes to pursue the claims raised in the document he references, he should complete an initial complaint form, without including the case number for this case. When that complaint is submitted to the Clerk of the Court, it will be opened as a new case. The Court finds that Plaintiff has not raised any arguments in this motion that would support reopening this case.

### IV.   Conclusion and Order

Based on the foregoing, Plaintiff's motion for relief from judgment, (ECF No. 12), is HEREBY DENIED. This action remains closed.

IT IS SO ORDERED.

Dated:   **July 20, 2020**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3